## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HOWARD COHAN,**

         **Plaintiff,**

**v.**                                **Case No: 6:23-cv-1935-WWB-EJK**

**DW MLB D OWNER LLC,**

         **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Application for Clerk's Entry of Default Against Defendant, DW MLB D Owner LLC (the "Motion") (Doc. 11), filed January 10, 2024. Upon consideration, the Motion is due to be granted.

### I.    BACKGROUND

Plaintiff filed a Complaint against Defendant DW MLB D Owner LLC, on October 6, 2023, for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12101–12213, and for breach of contract. (Doc. 1). The Proof of Service affidavit reflects that Defendant was served on October 23, 2023, through service on an employee of its registered agent. (Doc. 10.) Plaintiff now seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc. 11.)

### II.    STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may

enter default, he or she must determine that effective service has been made on the

defaulting defendant because, without effective service, there is no jurisdiction and no

obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883,

885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

Defendant is an LLC operating real property in Florida. (Doc. 1 ¶ 5.) Under the

federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to
> an officer, a managing or general agent, or any other agent
> authorized by appointment or by law to receive service of
> process and—if the agent is one authorized by statute and
> the statute so requires—by also mailing a copy of each to
> the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).

The Proof of Service affidavit reflects that Defendant was served on October 23,

2023, through service on an employee of its registered agent, CT Corporation System.

(Doc. 10.) Florida's Division of Corporation's website confirms that CT Corporation

System is Defendant's registered agent.[1] Therefore, service was effective under Rule

---

[1] *Detail by Entity Name of DW MLB D Owner LLC*, Division of Corporations, an
official State of Florida website,
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryty
pe=EntityName&directionType=Initial&searchNameOrder=DWMLBDOWNER%
20M130000025620&aggregateId=forl-m13000002562-721b0419-e1b1-44ff-8991-
ebffd088eb00&searchTerm=DW%20MLB%20D%20Owner%20LLC&listNameOrd
er=DWMLBDOWNER%20M130000025620 (last visited Feb. 13, 2024).

4(h)(1)(B).[2]  Since Defendant was served on October 23, 2023, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 11) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2]  Moreover, Florida Statute § 48.091(4) states that service of process on an employee of a registered agent that is not a nature person is acceptable.